IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-53-FL-1
No. 5:15-CV-556-FL

| | | |
|---|---|---|
| LORENZO EARL TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 34, 53), which challenges petitioner's Armed Career Criminal Act (ACCA) sentencing enhancement in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 60). The issues raised are ripe for ruling. For the reasons that follow, the court grants petitioner's motion and denies the government's motion and sets the matter for resentencing.

**BACKGROUND**

On June 21, 2004, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "armed career criminal" and that his statutory minimum sentence was 15 years, under 18 U.S.C. § 924(e)(1). (DE

64, ¶¶ 57, 61). In petitioner's criminal history, the PSR identified one North Carolina felony conviction for common law robbery, one North Carolina felony conviction for "breaking and entering"; two North Carolina felony convictions for "Assault with a Deadly Weapon With Intent to Kill/Inflicting Serious Injury," (hereinafter "AWDWIKISI"); and one North Carolina felony conviction for "Second Degree Murder." (Id. ¶¶ 13, 15, 16). The court sentenced petitioner on November 18, 2004, to a term of imprisonment of 192 months. (See DE 25). Petitioner appealed, and the Fourth Circuit dismissed the appeal.

Petitioner filed the instant motion to vacate on October 19, 2015, as amended March 21, 2016, arguing that he can no longer be classified as an Armed Career Criminal because he does not have qualifying predicate convictions following Johnson. The government moves to dismiss on the basis that petitioner qualifies as an Armed Career Criminal due to petitioner's convictions for breaking and entering, assault with a deadly weapon with intent to kill inflicting serious injury, and second degree murder. In response, petitioner contends that the assault and murder convictions do not constitute predicate convictions for purposes of the Armed Career Criminal Act.

On December 8, 2016, the court held in abeyance the pending motions, pending receipt of Shepard[1] materials that may bear on the issue of whether petitioner's AWDWIKISI convictions could be counted separately as ACCA predicates. The court reasoned that petitioner's AWDWIKISI convictions qualified as violent felonies under the ACCA, but that based on the information in the PSR the court could not determine that they were "committed on occasions different from one

---

[1] See Shepard v. United States, 544 U.S. 13, 16 (2005) ("[A] later court determining the character of an admitted [offense] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.").

2

another." 18 U.S.C.A. § 924(e)(1). The government now has supplemented the record with Shepard materials, and petitioner has filed a response.

**COURT'S DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.   Analysis

1.   Breaking and Entering

Johnson invalidated the "residual clause" contained in the definition of "violent felony" in the ACCA. 135 S.Ct. at 2555-56, 2563 (quoting 18 U.S.C. § 924(e)(2)(B)). Johnson, however, "does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the [ACCA's] definition of a violent felony." Id. at 2563. One of those enumerated offenses that constitutes a "violent felony" under the ACCA is "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). It is well-established in this circuit that the North Carolina offense of breaking and entering qualifies as burglary. See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Accordingly, Johnson has no impact on the status of petitioner's breaking and entering conviction as an Armed Career Criminal predicate.

3

2. Common law robbery

The government agrees with petitioner that petitioner's prior conviction for common law robbery no longer constitutes a valid ACCA predicate conviction. See United States v. Welch, 136 S. Ct. 1257 (2016); United States v. Gardner, 823 F.3d 793, 804 (4th Cir. 2016).

3. AWDWIKISI and Second Degree Murder

In its prior order, the court determined that AWDWIKISI constituted a "violent felony" for purposes of the ACCA. (See DE 65 at 8). Nevertheless, the court noted that petitioner's AWDWIKISI convictions may not qualify as separate convictions for purposes of the ACCA. The court is now presented with the issue whether any of petitioner's AWDWIKISI convictions and second degree murder convictions qualified as separate convictions for purposes of the ACCA, or whether all three must be counted as a single conviction. If they must be counted as a single conviction, petitioner does not have three predicate ACCA convictions and must be resentenced.

The ACCA enhanced penalty applies if a defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). "Convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999) (quotations omitted). "In determining whether convictions arose out of separate and distinct criminal episodes, we consider such factors as whether the offenses (1) occurred in different geographic locations; (2) were of a substantively different nature; (3) and involved multiple criminal objectives or victims." Id. (quotations omitted). In addition the court may consider "whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time

4

offense." United States v. Carr, 592 F.3d 636, 644 (4th Cir. 2010)."We can consider these factors together or independently, and if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." Id.

Here, the PSR states that petitioner pleaded guilty to three offenses on May 18, 1992: one count of "Second Degree Murder," and two counts of "Assault with a Deadly Weapon With Intent to Kill/Inflicting Serious Injury." (PSR ¶16). The PSR states: "According to court records, on December 14, 1991, the defendant murdered Roderick Cedric Dixon and shot Bobby Watkins and Ricky Massenburg in the legs with a .45 caliber firearm." (Id.). The government states in its brief that the "available Shepard materials (which are in possession of the Probation Office) . . . do not contain information on the locations of the crimes." (DE 61 at 10).

The court must consult "a limited set of documents to determine the basis of . . . defendant's conviction." Gardner, 823 F.3d at 802. These include the "indictment, jury instructions, plea colloquy, and plea agreement." Descamps v. United States, 133 S. Ct. 2276, 2285, n. 2 (2013) (quotations omitted); see Shepard v. United States, 544 U.S. 13, 16 (2005) (permitting examination of the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"); United States v. Boykin, 669 F.3d 467, 471 (4th Cir. 2012) ("[A] district court may consult . . . the indictment, a judge's findings of fact (in a bench trial), and a plea colloquy . . . because the facts contained therein are considered to be facts about the convictions themselves.").

In this case, the government has filed Shepard documents comprised of indictments and transcript of plea. Based on these documents, all three offenses occurred on December 14, 1991, "in Wake County." (DE 70-1 at 1-3). Few additional details are provided. With respect to the first

5

AWDWIKISI offense, the indictment states that petitioner assaulted the victim, Bobby Watkins, with a .45 caliber handgun "by shooting him in the leg area." (DE 70-1 at 2). With respect to the second AWDWIKISI offense, the indictment states that petitioner assaulted a different victim, Ricky Massenburg, also with a .45 caliber handgun "by shooting him in the leg area." (Id. at 3). With respect to the second degree murder offense, the indictment states that petitioner "did kill and murder Roderick Cedric Dixon." (DE 70-1 at 1). The plea transcript provides no further factual details.

This information does not permit the court to conclude by a preponderance of the evidence that the three offenses at issue were "committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). There is no evidence that they "occurred in different geographic locations," or that they "were of a substantively different nature." Williams, 187 F.3d at 431. To the contrary, defendant shot two of the victims "in the leg area," with an identically-described ".45 caliper handgun." (DE 70-1 at 2-3). Nor is there any evidence that the offenses "involved multiple criminal objectives." Id. Further, there is no evidence that petitioner "had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense." Carr, 592 F.3d at 644.

The sole differentiating factor is that the offenses involved different victims. That factor alone, however, does not "dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes," id., where it does not rule out defendant's contention here that the offenses occurred as part of a single gun battle with the victims. See, e.g., United States v. Blackwood, 913 F.2d 139, 146 (4th Cir. 1990) (contrasting distinct offenses from example where defendant "had six previous convictions stemming from his simultaneous robbery of six individuals

6

at a restaurant") (citing United States v. Petty, 798 F.2d 1157 (8th Cir.1986)); see also United States v. Arroyo, 636 F. App'x 989, 990 (11th Cir. 2016) (affirming district court's determination that "convictions for robbery and for attempted murder constituted a simultaneous offense because there was no information within the Shepard-approved documents establishing time or location to show there's a gap in time and place between the two crimes").

In sum, petitioner's AWDWIKISI and second degree murder convictions were not "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), and thus, together, constitute a single predicate conviction for ACCA purposes. Therefore, petitioner has only two prior convictions within the meaning of § 924(c) and his sentence improperly was enhanced above the 120 month statutory maximum penalty for his offense of conviction. See 18 U.S.C. § 924(a)(2). Accordingly, petitioner's conviction and sentence must be vacated, and the matter must be scheduled for resentencing. See Welch v. United States, 136 S. Ct. 1257, 1261, 1265 (2016).

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate, (DE 34, 53), and DENIES the government's motion to dismiss (DE 60). The court's judgment of conviction is VACATED. The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 2nd day of February, 2017.

LOUISE W. FLANAGAN
United States District Judge